UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GRAHAM,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>RALPH M. DIAZ, Warden,<br><br>　　　　　　Respondent. | Civil No. 12cv1689 JLS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER:**<br><br>**(1) GRANTING RESPONDENT'S MOTION TO DISMISS [Doc. No. 9]; and**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO RESTORE EQUITABLE TOLLING [Doc. No. 18].** |

　　　Samuel Graham ("Petitioner") is a California prisoner serving two sentences of life in prison without the possibility of parole for two counts of first degree murder, two counts of first degree robbery, and one count of first degree burglary. On June 16, 2012, Petitioner filed his Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. Petitioner claims he is innocent of his crimes based on newly discovered evidence that was not available at Petitioner's trial. (Petition at 17-20).

　　　On January 2, 2013, Respondent filed a motion to dismiss the Petition as time barred under 28 U.S.C. § 2244(d). (Resp.'s Mem. of P. & A. at 3-8). Respondent argues that Petitioner does not qualify for statutory tolling and Petitioner failed to allege any basis for equitable tolling. (Resp.'s Mem. of P. & A. at 5-8). The court construes that motion as an opposition to the motion to dismiss.

On March 16, 2013, Petitioner filed a motion to restore equitable tolling ("Petitioner's motion"), claiming his counsel committed "egregious attorney misconduct" by promising to file timely the Petition, accepting Petitioner's fee, and then failing to file the Petition timely. (Petitioner's Motion at 1).

This Court has reviewed the Petition, Respondent's motion to dismiss, Petitioner's motion, and all supporting documents. After a thorough review, this Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that the motion to restore equitable tolling be **DENIED**, and that the Petition be dismissed **with prejudice**.

## PROCEDURAL HISTORY

### I.     The Conviction.

A jury found Petitioner guilty of two counts of first degree murder, two counts of first degree robbery and one count of first degree burglary. (Lodgment 1 at 1-2). The jury also found true the special circumstance allegations that Petitioner was convicted of more than one murder, and that Petitioner committed one of the murders while engaged in the commission of a robbery and while engaged in the commission of a burglary. (Lodgment 1 at 1-2). On October 31, 2008, the trial court sentenced Petitioner to two terms of life in prison without the possibility of parole, and imposed, but stayed, determinate terms for Petitioner's robbery and burglary convictions. (Petition at 1; Lodgment at 2).

### II.    The Direct Appeal.

On December 7, 2009, Petitioner appealed the trial court's judgment, claiming that his convictions must be reversed because the trial court improperly barred him from introducing evidence that three other individuals could have committed the murders, and also that his sentence must be modified because a parole revocation fine was improperly imposed upon him. (Lodgment 1 at 2). On July 29, 2010, the California Court of Appeal agreed that the parole revocation fine was improperly imposed upon Petitioner and ordered that the fine be struck from Petitioner's sentence. (Lodgment 1 at 25). Otherwise, Petitioner's sentence remained unaffected. (Lodgment 1 at 25).

On September 7, 2010, Petitioner filed in the California Supreme Court a petition for review of the Court of Appeal's decision. (Lodgment 2). On October 13, 2010, the California Supreme Court denied this petition. (Lodgment 3).

### III. Petitions for Collateral Review.

#### A. State Habeas Corpus Petition in California Supreme Court.

On December 27, 2011, Petitioner filed his first habeas corpus petition in the California Supreme Court. (Lodgment 4).[1] Petitioner presented one claim, that newly discovered evidence that was not available at Petitioner's trial proves Petitioner's innocence. (Lodgment 4 at 12-15). Such newly discovered evidence is provided in two undated and unsigned affidavits, the first of Petitioner's girlfriend, Ahsaki Hudson, and the second of Petitioner's mother, Kathy Graham. (Lodgment 4 at 13-15). On April 11, 2012, the court denied the petition without comment. (Lodgment 5).

#### B. Federal Habeas Corpus Petition in District Court.

On June 16, 2012,[2] Petitioner filed the Petition now before this court. Petitioner alleges the same claim raised in his prior state habeas corpus petition, that newly discovered evidence that was not available at Petitioner's trial proves Petitioner's innocence. (Petition at 17-20). On January 2, 2013, Respondent filed a motion to dismiss, alleging the Petition is time barred pursuant to 28 U.S.C. § 2244(d). (Resp.'s Mem. of P. & A. at 3-8). On March 16, 2013, Petitioner filed a motion to restore equitable tolling, claiming that his counsel committed "egregious attorney misconduct" by promising to file timely the Petition, accepting Petitioner's fee, and then failing to file the Petition timely. (Petitioner's Motion at 1).

/ / /
/ / /
/ / /

---

[1] Petitioner alleges that he also filed habeas corpus petitions in both the San Diego Superior Court and the California Court of Appeal, (Petition at 4-5), but no record of these filings exist.

[2] The date Petitioner signed the Petition.

**DISCUSSION**

**I.      Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Petition because it was filed after the AEDPA enactment date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA imposes on petitioners a one-year period of limitation to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d). The relevant AEDPA section reads:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**A.      Date Judgment Became Final.**

Absent any exceptions, the statute of limitations starts the date a judgment becomes final by the conclusion of direct review or the expiration of the time permitted for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Where a petitioner files a habeas petition in the highest state court, the judgment becomes final upon the expiration of the ninety-day period in which a petitioner may seek certiorari from the United States Supreme Court, regardless of whether the petitioner actually seeks such review. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Sup. Ct. R. 13.

Petitioner was sentenced on October 31, 2008. After filing an appeal in the California Court of Appeal, which affirmed the trial court's sentence, Petitioner appealed to the California Supreme Court, which denied Petitioner's appeal on October 13, 2010. Petitioner did not seek certiorari from the United States Supreme Court. Petitioner's judgment became final on January 11, 2011, at the expiration of the ninety-day period in which Petitioner could have sought certiorari.

### B.     No Later Judgment Date Applies.

Pursuant to Fed. R. Civ. P. 6(a), the statute of limitations begins to run the day after the judgment becomes final unless one of the three statutory exceptions under AEDPA applies. *See* 28 U.S.C. §2244(d)(1)(B)-(D). Here, none of the exceptions under AEDPA are applicable. First, there was no state impediment to Petitioner seeking further relief. Second, Petitioner's claims do not rely on any new constitutional right determined by the United States Supreme Court to be retroactive. Third, the factual predicate for Petitioner's claim was apparent at the time his conviction was final.[3] Therefore, unless Petitioner can show he is entitled to equitable or statutory tolling of the statute of limitations, his judgment became final on January 11, 2011, commencing the running of the statute of limitations on January 12, 2011. Absent any tolling, the statute of limitations expired one year later, on January 12, 2012.

### III.    Tolling of Statute of Limitations.

### A.     Petitioner is Not Entitled to Statutory Tolling.

A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in state court. 28 U.S.C. § 2244(d)(2). The "statute of limitations is tolled from the time the first state habeas corpus petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," provided the petitions are properly filed and pending that entire time. *Nino v. Galaza*, 183 F.3d 1003,

---

[3]The limitations period begins when the petitioner has knowledge of the important facts, not when the petitioner recognizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001).

1006 (9th Cir. 1999). The time between the denial of one petition and the filing of the next is included in the tolling only if the next petition is timely filed in a higher court. *Delhomme v. Ramirez*, 340 F.3d 817, 818-19 (9th Cir. 2003). Statutory tolling is not available for the period the petition is under consideration if it is filed untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

Petitioner is not entitled to statutory tolling. Petitioner's statutory limitation period began on January 12, 2011. Petitioner filed his only state habeas corpus petition with the California Supreme Court on December 27, 2011, 349 days later. Once filed, 16 days remained in the limitation period. The California Supreme Court denied the petition on April 11, 2012. As a result, statutory tolling was unavailable anytime after April 11, 2012. At that time, Petitioner had 16 days remaining in the limitation period, until April 27, 2011. Petitioner did not file his federal habeas corpus Petition until June 16, 2012, 50 days after the limitations period expired.

## B. Petitioner is Not Entitled to Equitable Tolling.

The one-year limitations period under AEDPA is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). The petitioner bears the burden of proving that equitable tolling is appropriate by establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" of filing his petition timely. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). In addition, the petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The determination of whether a petitioner is entitled to equitable tolling is a "fact-specific inquiry." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), *citing Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Equitable tolling "is unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), as the "threshold necessary to trigger equitable tolling is very

high." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

        *1.     Assertion of Newly Discovered Evidence.*

A credible claim of actual innocence supported by newly discovered evidence constitutes an equitable exception to the one-year limitations period under AEDPA. *Lee v. Lampert*, 653 F.3d 929, 932 (2011). In addition to proving that equitable tolling is appropriate under AEDPA, a petitioner who presents newly discovered evidence of his actual innocence must demonstrate that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Lee*, 653 F.3d at 938. "Tenable actual innocence...pleas are rare." *McQuiggin v. Perkins*, 569 U.S. __ , 81 U.S.L.W. 4327, *7 (2013).

Here, Petitioner has not met his burden of establishing that he qualifies for equitable tolling. First, the evidence Petitioner offers in support of his innocence is not new. Petitioner submitted the unsigned and undated affidavits of Ahsaki Hudson and Kathy Graham, both of which allege that Petitioner was at the home of Ahsaki Hudson at the time of the murders. (Petition at 17-20). Hudson's affidavit states that she fabricated the story she told detectives on May 3, 2007, because she knew Petitioner was selling drugs out of her home and she did not want to lose her public housing benefits if she told the truth. (Petition at 19). The second affidavit of Kathy Graham states that she spoke with Petitioner on Hudson's home telephone on multiple occasions during the time surrounding the murders. (Petition at 19-20). This evidence is not new. At the time of Petitioner's trial, Petitioner knew where he was at all times surrounding the murders. Therefore, Petitioner would have known whether he was at the home of his girlfriend at the time surrounding the murders, whether Hudson lied to the detectives on May 3, 2007, and whether he spoke to Graham on the telephone while at Hudson's home. Moreover, Graham admits in her affidavit that she shared all of the information about her telephone calls to Petitioner with Petitioner's lawyer during Petitioner's trial. (Petition at 20).

In addition, Petitioner failed to demonstrate that he exercised due diligence or that

an extraordinary circumstance stood in his way of filing his federal habeas corpus claim within one year of his judgment date. Petitioner also failed to demonstrate that, in light of this new evidence, no reasonably acting juror would have voted to find him guilty beyond a reasonable doubt.

### 2. Egregious Attorney Misconduct.

Sufficiently egregious attorney misconduct may constitute an "extraordinary circumstance" under which the petitioner is entitled to equitable tolling under AEDPA. *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir. 2003). In *Spitsyn v. Moore*, an attorney's conduct was sufficiently egregious to constitute an extraordinary circumstance when the attorney, after being retained over one year prior to the expiration of the AEDPA limitations period and accepting the petitioner's payment, failed completely to prepare and file the petitioner's federal habeas petition, return the petitioners legal file until two months after the expiration of the AEDPA limitations period, and respond to the petitioner's numerous attempts to contact him. 345 F.3d 796, 801 (9th Cir. 2003). Ordinary attorney negligence, such as the miscalculation of the limitations period, does not constitute an extraordinary circumstance that would entitle the petitioner to equitable tolling under AEDPA. *Frye*, 273 F.3d at 1146. If the petitioner seeking equitable tolling does not exercise reasonable diligence in attempting to file his federal habeas corpus petition after an extraordinary circumstance begins, the extraordinary circumstance will not prevent the timely filing of the petition. *See Prunty*, 187 F.3d at 1107.

Here, the conduct of Petitioner's attorney was not sufficiently egregious to constitute an extraordinary circumstance. Petitioner's attorney filed the Petition after the limitations period expired; he did not fail completely to prepare and file the Petition. (Petitioner's Motion at 1). Therefore, at most Petitioner's attorney was negligent in his filing of the Petition, and his conduct was not sufficiently egregious to constitute an extraordinary circumstance that would entitle Petitioner to equitable tolling under AEDPA.

Nor did Petitioner demonstrate that he exercised reasonable diligence in attempting to file his federal habeas corpus petition after an alleged extraordinary circumstance began. Petitioner's Motion does not show when Petitioner retained his attorney, whether Petitioner made any attempt to contact his attorney before or after his Petition was filed untimely, or whether Petitioner requested the return of his legal file from his attorney. Petitioner filed a complaint against his attorney with the California State Bar, but on January 23, 2013, 376 days after the statute of limitations had expired. (Petitioner's Motion at 4). In addition, Petitioner's Motion failed to demonstrate that his attorney's alleged "egregious attorney misconduct" made it impossible for Petitioner to otherwise file the Petition on time, such as by filing the Petition himself.

## CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss; (3) denying Petitioner's Motion to Restore Equitable Tolling; and, (4) dismissing the Petition with prejudice.

**IT IS ORDERED** that no later than **June 28, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 12, 2013**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: June 10, 2013

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court