1

2

3

4

5

6

7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10

| SAMUEL GRAHAM, | CASE NO. 12CV1689 JLS (NLS) |
|---|---|
| Petitioner, | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING RESPONDENT'S MOTION TO DISMISS; (3) DENYING PLAINTIFF'S MOTION TO RESTORE EQUITABLE TOLLING; (4) DISMISSING PETITION FOR HABEAS CORPUS WITH PREJUDICE; AND (5) DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| RALPH M. DIAZ, | |
| Respondent. | (ECF No. 9, 18, 19) |

19          Presently before the Court is Respondent Ralph M. Diaz's ("Respondent")

20   Motion to Dismiss Petition for Writ of Habeas Corpus Because Petition is Untimely,

21   (ECF No. 9), Petitioner Samuel Graham's ("Petitioner") Motion to Restore Equitable

22   Tolling, (ECF No. 18), and Magistrate Judge Nita L. Stormes's Report and

23   Recommendation ("R&R") advising this Court to grant Respondent's motion, deny

24   Petitioner's motion, and dismiss Petitioner's habeas corpus petition with prejudice,

25   (R&R, ECF No. 19).

26          Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a

27   district court's duties in connection with a magistrate judge's R&R.  The district court

28   must "make a de novo determination of those portions of the report to which objection

1   is made," and "may accept, reject, or modify, in whole or in part, the findings or

2   recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1); *see also*

3   *United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874

4   F.2d 614, 617 (9th Cir. 1989).   In the absence of timely objection, however, the Court

5   "need only satisfy itself that there is no clear error on the face of the record in order to

6   accept the recommendation."   Fed. R. Civ. P. 72 advisory committee's note (citing

7   *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

8          Here, Petitioner has failed to file timely objections to Magistrate Judge Stormes's

9   R&R.  Having reviewed the R&R, the Court finds that it is thorough, well reasoned, and

10   contains no clear error.   Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge

11   Stormes's R&R, (2) **GRANTS** Respondent's motion to dismiss Petitioner's habeas

12   petition, (3) **DENIES** Petitioner's motion to restore equitable tolling, and (4)

13   **DISMISSES** Petitioner's habeas corpus petition **WITH PREJUDICE**.

14          Finally, this Court is under an obligation to determine whether a certificate of

15   appealability should issue in this matter and the Court must "indicate which specific

16   issue or issues satisfy the standard for issuing a certificate, or state its reasons why a

17   certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th

18   Cir.1997); *see also* Fed. R.App. P. 22(b).  A COA is authorized "if the applicant has

19   made a substantial showing of the denial of a constitutional right."   28 U.S.C. §

20   2253(c)(2).   Where, as here, a petition is dismissed on procedural grounds without

21   reaching the prisoner's underlying constitutional claim, a COA "should issue if the

22   prisoner can show: (1) 'that jurists of reason would find it debatable whether the district

23   court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it

24   debatable whether the petition states a valid claim of the denial of a constitutional

25   right.' "   *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir.2000) (quoting *Slack v.*

26   *McDaniel*, 529 U.S. 473, 484 (2000)).   As both of these components are necessary to

27   obtain a COA, the Court may resolve either issue first, but resolution of the procedural

28   issue first has been encouraged by the Supreme Court. *Slack v. McDaniel*, 529 U.S. at

485; *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 & n. 6 (9th Cir.2001).

Here, as Magistrate Judge Stormes's R&R makes clear, Petitioner's habeas corpus petition was not timely filed.  Although Petitioner alleges that the untimely filing was the result of "egregious attorney misconduct," such that he should be entitled to equitable tolling, (Pet.'s Mot. for Equitable Tolling 1, ECF No. 18), the factual allegations in Petitioner's motion do not support this conclusion.  Petitioner does not show when he retained his attorney, whether he made any efforts to contact his attorney either before or after the untimely filing of the habeas petition, or whether he requested the return of his legal file from his attorney.  (*See* R&R 9, ECF No. 19).  In short, Petitioner does not demonstrate that his attorney's misconduct made it impossible for him to file the petition on time.  On this showing, no reasonable jurist would find the Court's dismissal of Petitioner's habeas petition to be debatable.  Accordingly, the Court declines to issue a certificate of appealability in this case.

This Order concludes the litigation in this matter.  The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  July 3, 2013

Honorable Janis L. Sammartino
United States District Judge